IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONNY RAY HARDAWAY,

      Plaintiff,                         No. CIV S-06-1588 GEB GGH P

   vs.

DEPT. OF CORRECTIONS, et al.,

      Defendants.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3  　　　　　The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
8  U.S.C. § 1915A(b)(1),(2).
9  　　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.
16 　　　　　A complaint, or portion thereof, should only be dismissed for failure to state a
17 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
18 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
19 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
20 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
21 a complaint under this standard, the court must accept as true the allegations of the complaint in
22 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
23 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
24 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
25 　　　　　In his complaint plaintiff has named the California Department of Corrections as
26 one of the defendants.  The Eleventh Amendment bars suits brought by private parties against a

state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the California Department of Corrections are legally frivolous. If plaintiff files an amended complaint, he should not name the California Department of Corrections as a defendant.

Plaintiff first alleges that on April 3, 2003, he was transferred by bus from the California Correctional Institution to California State Prison-Sacramento. Plaintiff alleges that the bus did not have soap and water for him to wash his hands after using the restroom. Because his hands were not clean, plaintiff could not eat his lunch. Plaintiff alleges that defendant Parada put plaintiff's sack lunch in the trash can "a few times" during the bus ride.

Plaintiff appears to be claiming that defendant Parada violated his rights by throwing his lunch away. If plaintiff was denied his lunch on one occasion, the court would find no violation of plaintiff's rights. Because it is not clear how long the bus ride took and how many lunches plaintiff was denied, the court cannot determine whether plaintiff has stated a colorable claim against defendant Parada. Plaintiff may also be claiming that he was denied his right to hygienic conditions because there was no soap or water on the bus for him to wash his hands. However, the complaint contains no allegations suggesting that defendant Parada was responsible for this condition. For the reasons discussed above, the claims against defendant Parada are dismissed with leave to amend.

Plaintiff alleges that defendant Murawski passed out the lunches to everyone on the bus and stated that toilet seat lid should always be kept down. These allegations do not state a colorable claim against defendant Murawski. Plaintif alleges that defendant Aceta put him in

ankle chains before he got on the bus. These allegations also do not state a colorable claim. Accordingly, the claims against defendants Murawski and Aceta are dismissed with leave to amend.

Plaintiff next alleges that on April 7, 2003, he filed a 602 administrative appeal asking defendant Rangel to return his personal and legal property. Defendant responded to the appeal beyond the time provided for in the regulations. In the response, defendant Rangel stated that receiving and release indicated that plaintiff had received all of his property.

On April 23, 2003, plaintiff was given a ducat to receive his six boxes of property. Defendant Huerta gave plaintiff three boxes of personal property but refused to let plaintiff look in the other three boxes.

On July 18, 2003, defendant Peck sent plaintiff a form stating that plaintiff had to pay to have his excessive property mailed out. On July 20, 2003, plaintiff told defendant Peck that he had administrative appeals pending concerning his property because some of it was legal property. On September 15, 2003, defendant Peck informed plaintiff that his property had been disposed of because plaintiff had not paid to have it mailed out. Plaintiff alleges that his inability to access his property resulted in the court dismissing some of his cases.

The allegations regarding plaintiff's property suggest two legal claims: violation of the right to access the courts as a result of the denial of access to legal property and a due process claim based on plaintiff's denial of access to his property.

In order to state a claim for violation of the right to access the courts, plaintiff must allege an actual injury, i.e. an actual instance when he was not allowed to communicate with the court as a result of his denial of access to legal property. <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996). The right of access to the courts applies to civil rights actions or actions challenging the legality of criminal convictions, such as direct appeals or habeas corpus petitions. <u>Cornett v. Donovan</u>, 51 F.3d 894, 899 (9th Cir. 1995). Plaintiff does not allege that a civil rights action or action related to his criminal conviction was dismissed as a result of his inability to access his

legal property.  In addition, the complaint contains no specific allegations demonstrating that plaintiff's inability to access his legal property actually caused the dismissal of his actions by the court.  Accordingly, this claim is dismissed with leave to amend.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff alleges that the deprivation of his property was intentional.  However, his allegations suggest that the deprivation was not authorized.  In other words, plaintiff suggests that defendants failed to follow proper procedures when they deprived him of his property.  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.  Accordingly, this claim is legally frivolous.

Plaintiff alleges that on three occasions in April 2003, he asked defendants Broomfield, Craven and Day for "indigent supplies."  Defendants denied plaintiff's requests because they were busy.  Defendants Day and Craven denied plaintiff's administrative appeals regarding their denials of his requests for "indigent supplies."  Defendant Vogel also denied plaintiff's administrative appeals regarding these requests.

/////

It is unclear what plaintiff means by "indigent supplies." Plaintiff may be alleging that he was denied access to legal supplies such as pencils and paper. If this is so, plaintiff may be alleging that his denial of access to legal supplies denied him access to the courts. However, plaintiff does not allege that he suffered an actual injury, i.e. an ability to access the courts, as a result of not receiving the indigent supplies. Accordingly, this claim is dismissed with leave to amend.

Plaintiff alleges that on April 22, 2003, defendant Vigil came to his cell and told plaintiff to get his ass downstairs and sign for his legal mail. As plaintiff went downstairs, defendant Vigil stated that he had heard of plaintiff. Plaintiff filed an administrative appeal against defendant Vigil but he refused to respond. Plaintiff alleges that defendant Vigil was motivated by racial discrimination. Other than his conclusory assertion that defendant Vigil was motivated by racial discrimination, plaintiff has pled specific no facts to support this claim. Accordingly, this claim is dismissed with leave to amend.

Plaintiff alleges that defendant Grannis improperly denied his administrative appeals against defendants Aceta, Parada, Murawski, Rangel, Craven, Vogel, Vigil and Broomfield on "procedural" grounds, i.e. the appeals were not timely filed, etc. To the extent plaintiff is alleging that defendant violated his right to due process, inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, plaintiff's due process claim against defendant Grannis is dismissed with leave to amend.

Plaintiff generally alleges that most of the defendants were motivated by racial discrimination when they committed the alleged deprivations. Other than his conclusory assertion, plaintiff offers no specific facts to support these claims. Accordingly, plaintiff's other claims of racial discrimination are dismissed with leave to amend. If the amended complaint includes claims of racial discrimination, plaintiff must allege specific facts to support these

1  claims.

2        Plaintiff also generally alleges that many of the defendants were motivated by
3  retaliation. In order to state a retaliation claim, a plaintiff must plead facts which suggest that
4  retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor
5  behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.
6  1989); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). The plaintiff must also plead facts
7  which suggest an absence of legitimate correctional goals for the conduct he contends was
8  retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo at 532). Verbal
9  harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139
10  (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a
11  mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923,
12  925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner
13  must "allege specific facts showing retaliation because of the exercise of the prisoner's
14  constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

15        The complaint contains no specific allegations to support plaintiff's retaliation
16  claims. Accordingly, these claims are dismissed with leave to amend. If plaintiff files an
17  amended complaint alleging retaliation, he must allege specific facts demonstrating that
18  defendants were motivated by retaliation.

19        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
20  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
21  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
22  how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
23  there is some affirmative link or connection between a defendant's actions and the claimed
24  deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
25  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory

26

allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 1/29/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

hard1588.b